ANNA M. MORRIS AND ARTHUR MORRIS, HER HUSBAND, PLAINTIFFS-APPELLEES, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION, DEFEND-ANT-APPELLANT.

Submitted January 18, 1938—Decided May 17, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiffs-appellees, *Hammer & Hammer* (*Henry Hammer,* of counsel).

For the defendant-appellant, *Henry H. Fryling* (*Henry J. Sorenson,* of counsel).

The opinion of the court was delivered by

PORTER, J. This action was brought by the plaintiffs below to recover for personal injuries suffered by the wife, and for consequential injuries to the husband. Mrs. Morris was a passenger in a bus of the defendant when hurt. A child ran across the street as the bus approached, and in the

emergency thus created, the driver turned sharply and applied his brakes and stopped, avoiding the striking of the child. The bus is said to have been traveling about fifteen miles per hour, and was brought to a stop within fifteen to twenty feet. The stop was also described as a sudden one.

The bus had only gone a block, about "two hundred or three hundred feet," from the point where Mrs. Morris had entered it to the place of the accident. She had remained standing, directly to the rear of the driver, leaning against the back of the front seat while preparing to get money from her purse with which to pay her fare, and was in that position when the bus stopped, and she lost her balance and fell to the floor. The child was seen in the street by the driver as he neared an intersecting street, across which, to his left, the child then was. Mrs. Morris says she saw the child in the gutter of the street as she entered the bus a block away. The child was seen in the street by the defendant driver and other witnesses as the bus approached the place where she was. As the bus neared the child, though on the opposite side of the street which was about twenty-five feet wide, the driver testified that he noticed that the child was facing across to his side of the street *"as though it was going to make a dash across the street."* He then swerved and applied his brakes, and the plaintiff fell. Whether or not the action of the bus driver, under these circumstances, was an act of negligence which was the proximate cause of the accident, presented a factual question for the trial court.

The trial judge, sitting without a jury, rendered judgment for the plaintiffs, and the defendant appeals.

The defendant urges two grounds for reversal:

First: "Because the court, at the close of the entire case, although requested so to do by the attorney of the defendant-appellant on the ground that there was no evidence of any negligence which was the proximate cause of the plaintiff's injuries, refused to render a judgment in favor of the defendant-appellant and against the plaintiffs-appellees."

Second: "Because the court gave judgment in favor of the plaintiffs and against the defendant when there was no proof

to support a finding of fact that the defendant, its servant or agent, was guilty of negligence which was the proximate cause of the injury to the plaintiffs."

The question thus presented for our determination is whether or not there was any evidence to sustain the verdict. We conclude that there was; therefore, the judgment will be affirmed, with costs.